Case number 23-2174 from the Southern District of Iowa, United States v. Chad Mink. May it please the Court, I'm Michael LaHammer from Cedar Rapids, Iowa, on behalf of Appellant Chad Mink. Mr. Mink has certainly been before this Court before. This Court in August of 2014. Mr. Mink, on behalf of Appellant Chad Mink, was sentenced to six months in prison and was remanded to the District Court for re-sentencing on the remaining counts pursuant to the Sentencing Package Doctrine and taking into the factors of 18 U.S.C. 3553A. Count eight, which was vacated, had imposed a term of 360 months. Without a remand, Mr. Mink's been reduced from 600 months to 240 months. As it stands, the Court on re-sentencing reconfigured Mr. Mink's sentence on the other 14 counts to give him 540 months. I was appointed to represent Mr. Mink for the first time on re-sentencing following remand. Prior to his re-sentencing, I filed a motion for new trial and a judgment of acquittal based upon two cases decided by the U.S. Supreme Court since Mr. Mink was tried, U.S. v. Taylor in 2022 and Borden v. U.S. in 2021. Taylor held that attempted Hobbs Act robbery was not a crime of violence, which I argued applied to Mr. Mink's counts three and ten, which involved whether he committed or attempted to commit interstate domestic violence. Borden overturned this Court's holding in U.S. v. Fogg holding that a reckless offense was not a violent felony under the use of force clause. My problem with those arguments is the untimeliness, because those issues have been around since for a long time, and everybody knew about them, and everybody raised them who thought they might benefit from a change in the law or an extension or whatever. I just don't think this defeats the obvious untimeliness. It's not your fault, of course, but … Absolutely not. I think that goes into the Bozin factors that Judge Locher did analyze and rejected our motion for new trial and judgment of acquittal based on that. Well, we don't have to go through a lot of factors to know that recklessness was an issue looming long before that decision … Absolutely. … which is not retroactive, I don't think, or certainly data is not. Recklessness still is. I just don't think it doesn't … there's no excusable neglect for a lawyer not raising those issues, particularly on the first appeal. And, again, I didn't handle the first appeal, Your Honor, and I think the court … That's not the only issue here this morning. It is not. In fact, Judge Shepard and Judge Kobus were part of the first decision, the first appeal. I believe Judge Shepard authored that opinion. He did argue, for instance, Count 8 and a number of other counts with other reasons for that and not the reasons that we raise. And to jump right into it, Counts 3 and 10 were attempted offenses of interstate domestic violence, not crimes of violence, much like attempted Hobbs Act robbery. The problem with the attempt jury instruction is a substantial step requirement for attempted crimes is unconstitutionally vague. The government wasn't even required to prove my client used or attempted to use or threatened force. The state offense in Mink's cases for Count 3 was attempted aggravated battery with a deadly weapon. And for Count 10, they had a number of state offenses, including murder, arson, willful injury, and assault with a dangerous weapon. And our issue comes down to the jury instructions for Count 3, interstate domestic violence. It requires travel and interstate commerce. And as a result of said travel, committed and attempted to commit a crime of violence, in this case, aggravated battery with a deadly weapon. And as an element of that offense, he committed or attempted to commit the state crime of violence. And then you have to look at the state elements of the offense in that aggravated battery. Is he intentionally or knowingly caused bodily harm to an individual? Did so without legal justification and use a deadly weapon? Similarly in 10 was the travel. But our issue comes as relates to attempt and how the jury was instructed. A person may be found guilty of an attempt if he voluntarily and intentionally carried out some act which was a substantial step towards the offense. And this is a categorical inquiry. The question is not how any particular crime may be committed, but whether the felony at issue always requires the government to prove beyond a reasonable doubt the use, attempted use, or threatened use of force. And it's much like Hobbs Act robbery was not a crime of violence. Here it only required an intention be present and a substantial step be taken. And this substantial step didn't require the government to prove that Mink carried out some act or what some act was, how it became a substantial step or even the maliciously attempted offense. A substantial step which is begged to begin with, when does that threshold get crossed between mere preparation and a substantial step? And then just even more abstract, if you get into what the substantial step is, that becomes a maliciously attempted crime. We've also argued that How would we write your position without throwing in doubt hundreds of years of, you know, substantial step jurisprudence? Well, I think it just links the substantial step to a crime of violence that it cannot be when it's possible to find a person guilty of attempting a crime without finding that it's a crime of violence based upon his actions. Do you have crime of violence precedents on this? Just what's in our brief, Your Honor, what we argued in our brief. So this substantial step requires an abstract inquiry into whether a particular crime qualifies as an attempted crime like the residual clause, substantial risk language requires an abstract inquiry into whether a particular crime qualifies as a crime of violence. Going to count seven, the malicious use of explosive materials, the district court, we believe, changed the law in violation. They created that new offense of maliciously attempting to damage or destroy the Quad City Inn in this case. And the government in their brief talked about the Sharber case from 2010 that used the term maliciously attempted in an opinion. But that case didn't involve any kind of separation of powers argument. It involved a guilty plea and it didn't involve jury instructions. Finally it relied on U.S. v. Whaley, a 2009 case from this court, which used that malicious language in holding arson was a crime of violence. And as we know with count eight being dismissed in the last appeal, arson is not a crime of violence. This point I'd like to reserve the remainder of my time for rebuttal. Thank you.  Ms. Jennings? Good morning, Your Honors. My name is Amy Jennings and I'm an assistant United States attorney. You're going to have to speak up a little. I apologize. I'm an assistant United States attorney with the Southern District of Iowa. May it please the Court, Your Honors? Mr. Lehammer? Counsel, ma'am. Your Honors, Mr. Lehammer started off this argument going straight to the merits of his claims that he raised in the motion for a new trial and the motion for a judgment of acquittal. It's the government's position that he really skipped over the meat of this case and the most important part of the district court briefing and the district court's order, which is that these claims were outside the scope of the remand of the 2021 MINK 1 decision by this Court of Appeals. This appeal is about finality. This appeal begins and ends with the scope of that 2021 opinion. In MINK 1, this Court vacated one count, count eight, and then affirmed MINK's remaining 14 counts of convictions. Those convictions resulted from MINK's, quote, incessant and extreme harassment of his ex-girlfriend, L.L., and her partner, D.B., end quote. This Court provided specific instructions to the district court on remand. By rejecting MINK's post-remand claims, the district court judge, Stephen Locher, properly followed this Court's instructions. Is it the government's position that the untimeliness issue is sufficient for this, for the denial of the motion? It is the government's position that the untimeliness is sufficient to deny the motion, but even before we get to the court. So we don't have to go into law the case and we don't have to get into mandate rules. Yes, the government would submit. Which are not crystal clear in the precedence or otherwise. It's the government's. In my view. And it's the government's view that the first reason and the primary reason these claims don't get before the district court is because they are outside the scope of the remand. And the defendant, Mr. MINK, cannot point to any case in this Court's jurisprudence that allows a resentencing remand based on the sentencing package doctrine to open up de novo review for essentially a new sentencing hearing to raise all types of claims attacking the conviction. There simply is no precedent. It's not included in this brief. He's asking the Court to do something that would contravene this Court's jurisprudence on remand sentencing. What's the case where there was an explicit opening of an issue in our remand order? I think one of the key early cases. And we don't have that here. No, Your Honor. Here we have. Was it O'Malley? I can't remember. The defendant did cite one case, O'Malley, but it is clearly distinguishable from the case that's now before the Court. But does there have to be an explicit reservation if you have a remand of this kind for resentencing? Yes. There has to be an explicit. And the case of ours that holds conclusively, if it's not explicitly reserved, you win? The case law that the government is relying on is case law interpreting sentencing remands that the Court has to follow the instructions that are in the remand in this case. Well, there's no explicit instruction. What do we do? It's the government's position that there is an explicit instruction in this case that the Court overturned. Excuse me. My colleagues were in on it, though. They probably have a view one way or another. I can read it, and I can see there was no issues of this kind that were contemplated and, therefore, either blessed or foreclosed. But otherwise, a remand for resentencing under the Sentencing Packaging Doctrine has a clear purview of what's going to be done, but where does it implicitly cut off anything else? The government's position is that the remand is for the purpose of resentencing pursuant to the Sentencing Package Doctrine. The Court was very clear in its 2021 opinion that it was affirming the 14 other convictions and resentencing only for that purpose. There's nothing in the opinion that the defendant can point to. The convictions or the sentences? The Court vacated all of the sentences. It affirmed the 14 convictions except for Count 8. The convictions themselves were affirmed. It was the sentences only that were vacated for the other 14 counts. So for the defendant, Mr. Mink, to come before the trial court and attack those convictions which were affirmed by the 2021 decision is clearly outside the scope of the remand and is the first reason why the District Court properly denied the motion for a new trial and denied the motion for judgment of acquittal for being outside the purview of the remand. Judge Locher's order is consistent in a clear application of this Court's case law. In Walterman, the Eighth Circuit held that where a remand is limited to the resolution of specific issues, those issues outside of the scope of the remand are generally not available for reconsideration. Well, generally, what does that mean? I mean, here the argument is there's an intervening change in the law. The government understands Mr. Mink's argument that it was not an intervening change in the law that affected the convictions that he's challenging. Well, but he could get into the merits then, right, whether there was an intervening change or not. The question is, do we have to get to those merits? So what do you understand generally to mean? In the government's understanding of it, what is the case that might be outside the rule? Because we said generally. That obviously implies there may be times when the District Court can stray beyond that. So in the government's view, what are those cases and why isn't this one? The allegation is a change in the law. So the government is saying a change in the law is not good enough. Well, the government is saying that there was not a change in the law, that that is not a valid argument. In this case, as Judge Loken has already explained, Taylor and Borden do not move the ball significantly for Mr. Mink. Those are claims that he could have raised in the jury instruction. Okay, but that's not a pure case argument. Sorry, excuse me. That's not a pure law of the case. You're saying that something more is needed, which here is this is a new endeavor. The government understands that the way the case law is written, that generally remand is limited to the resolution of specific issues. Those outside the scope of the remand are generally not available for reconsideration. This is not a case that meets this standard. I think Judge Kolb's question is what is a case that would meet that standard? I guess your answer is not this one. Yes. I don't want to, you know, I don't intend to make your argument for you, but isn't it significant that, as you just mentioned, these convictions were affirmed? Yes, it's clear from It seems like it puts it in a different category than a remand where the convictions have not been affirmed and district court proceedings are kind of reopened, so to speak. But here, those were affirmed, were done, so to speak. Yes, Judge Shepard. In this case, it's clear the court engaged in lengthy analysis of claims attacking those convictions in the 2021 opinion. And at the end of that analysis, the court affirmed the convictions. And when it remanded to the district court, the convictions were affirmed. And the only matter that was left open by the remand was resentencing. And the response, I think, as I read the brief is, well, we've got these new Supreme Court cases. You can do it now or you can do it in 2255. It's a lot more efficient to do it now. And that strikes, since we're in a remand mode, there's some common sense to that argument. In the government's view, that is not a persuasive argument. Section 225 has a separate set of procedural restrictions that have to be satisfied in order to bring those claims. The big one is timing, and so we don't have that. This is clearly timely. He could have brought the motion as he could have said motion and slash 2255 motion. Could have made a dual motion. Well, I don't think that it would have been the appropriate time to file a 2255 motion when he's pending resentencing at that point. Efficiency is a virtue for the judiciary. If you've got two steps and you can say, court, they're sequential, but I'd like you to do them right now, to preserve them for one thing and to just get on with things. In this case, Your Honor, the court has already addressed that type of argument in Stuckey, in the Stuckey case, and rejected it. How was that addressed? In the Stuckey case, the defendant raised the same type of argument that the ‑‑ Same type of argument. You know, I haven't read Stuckey. You've got to give ‑‑ why is it responsive to this? Because this court has already rejected the judicial economy argument that a claim that can be raised on a 2255 should be considered now. The court has already rejected that. So in the government's view, that's persuasive authority. Or just in that case? In that case. But there are ‑‑ I do think that the statutory requirements for stating a 2255 do mean something. And we're not balanced with judicial economy here. Without question, I believe Mr. Mink will file a 2255 motion. And the procedural posture is just not appropriate for this type of claim at this time. Additionally, he would have to frame it in the framework of a constitutional violation, which is not what's currently before the court. They're simply arguments about the legal definitions of certain crimes and also claims to jury instructions. Additionally, there would ‑‑ if these claims eventually make it into a 2255 under the framework of an ineffective assistance of counsel claim, there would need to be further factual development on the record regarding whether or not there was ineffective assistance of counsel and the court doesn't have it before them at this time. If the defendant chose to go that route for a 2255 motion. Well, yeah, for a full-blown 2255, but in terms of supervening Supreme Court authority, that's not an ineffective assistance of counsel issue. Well, to the extent that the government's argument is that the defendant could have raised these arguments prior to Taylor and Borden because, as the court has already stated, these types of arguments have been around for a long time. I'm going to ask a question I'm not sure I understand, so it's always a little bit dangerous. But what if we were in a different situation here? We had the same previous opinion, the same limited remand for resentencing, and we had new law. Would the government then take the position that, well, that cannot be addressed on remand by the district court and should be rejected on appeal to this court and should be handled in a different setting? In that case ‑‑ Or is there different rules that come into play in that case? Because, you know, then we're getting into whether or not this is new law. But the law of the case here, as Judge Shepard pointed out, we've affirmed in this case. And that rule seems to suggest, well, we've already affirmed the convictions. We've remanded for one purpose and one purpose only, and that was not, in anticipation of new law, file a 2255. Is that where we end up in that case? And that gets into the, is that efficient or is that just in that case? I'm trying to think of the rule the government is suggesting we apply that may come into play in different cases. Here, the first question would be, is that new Supreme Court case applied retroactively, which neither Taylor or Borden were? And that would be the first question. If there was some type of retroapplication, that would, of course, make Mr. Minks or the defendant's argument in this scenario more persuasive for the district court to consider. But looking at the remedies that are available to a defendant, the judgment for a court of motion and the new trial motion, the new trial motion provides for three years in the case that there's new evidence. It doesn't address any type of new law. Based on the limited remand, I think the government's position would be that the Section 2255 would be the most appropriate. So he would be out of luck even in that case as far as this direct appeal, that he would need to file a new action, whatever that might be. I think I can guarantee the government would so argue. In the government's analysis of looking at the remedies available for a defendant in that position, And it's a limited group. Three years after. It's pending on a limited remand. It's not a large group of folks, probably. All right. I've wasted your time on that hypothetical. The government would just briefly like to also point out that in addition to this being outside the remand of the 2021 opinion, this is also, in the government's view, law of the case and the mandate rule, also don't support the district court hearing these claims. And even if we got past those two hurdles, these claims, in the government's view, were waived. So we really don't get to the merits of this case because of the roadblocks that are in the court's way. Now, is waiver different than untimely? Yes, Your Honor. So you want to have four bites at the apple here? Well, in this case, the government's consistent argument is that these claims could have been raised on direct appeal based on the existing case law. And that by not raising those on direct appeal, he waived them and that he doesn't have a reason to excuse that waiver. And so there's multiple problems with the district court getting to the merits of this case. And the government would ask that this court affirm the district court's order denying the motion for a new trial and denying the motion for judgment of acquittal. Thank you, Your Honors. To me, the relevant part of O'Malley is the intervening was Booker. And Booker messed up everybody. And the government made every argument under the sun to win every case post-Booker. In the government's view, O'Malley is distinguishable because it left the court of appeals. But if we were dealing with a Booker now, we'd have closer to Judge Kobus' question. I understand your point, Your Honor. Thank you. Furman? It seems like the court is— Counselor, I've got a question. Yes, sir. Do you have a case where what you've done here was permitted? I would cite the Bethea case that I used in my brief, Your Honor.  Bethea, B-E-T-H-A. It talks about all issues the appellate court decides become the law of the case. Prevents re-litigation of settled issues, but those have to be issues actually litigated. We're talking about a case where a conviction was affirmed. It comes back for—but there's remand for resentencing. And then long after conviction and after the convictions have been affirmed, motions like these were filed. And they were permitted. I don't have one, Judge. I would just rely on the arguments in our brief. We couldn't find one, and that's why I asked. We submit that after Bethea, any issue not inconsistent with the appellate court's decision is addressable. We argued at the district court nothing prevented the court from getting to the merits. And the court, in fact, did get to the merits. First, it denied it as untimely under the Borden factors. Any issue—is that your position? I'm sorry? Any issue is fair game on a remand? That's our argument in this case. Any issue not specifically addressed by the court of appeals, absent some more specific direction from the court of appeals. And Judge Loken pointed out Booker and also Blakely was involved with the O'Malley case, if I recall correctly. And that's our argument. Any issue not inconsistent with the court's opinion. But Judge Loker did get to the merits in this case. He denied it procedurally, but then he went to the substantive issues and denied it in that manner as well. And that's why we're appealing. Not only did he get it wrong in the procedural aspect of his order, but he also got it wrong in the substantive aspect of his order. So basically, for the remainder of the argument, we just rely on our brief. It's a very, very technical issue. What about waiver?  Again, we would have to go back to Taylor and Borden. Could have been raised. That's pretty clear. I think it could have been raised, Your Honor, yes. That he had waived it. Is that a waiver or is that something else? I don't know. Waiver's a rule. We throw that word around all over the place. Well, he didn't raise it in the first one, that's for sure. And again, we would have to go back to the intervening law from the Supreme Court to support our argument here. But again, Judge Locher denied it procedurally. However, he did rule on the merits. We would submit that not only the procedural denial was wrong, but also his ruling on the merits was wrong. And we would ask that the court remand for resensing this case. Thank you. Thank you, counsel. Case has been fairly brief. Argument's been helpful. We'll take it under advisement.